**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4245**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAYTON JARROD DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Terrence W. Boyle, District Judge. (4:11-cr-00057-BO-2)

Submitted: January 15, 2013          Decided: January 30, 2013

Before DUNCAN, DAVIS, and DIAZ, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dayton Jarrod Davis appeals his conviction and 188-month sentence, following his guilty plea, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006). Davis' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred in sentencing Davis to 188 months' imprisonment based on allegedly incredible evidence of relevant conduct. Davis was informed of his right to file a pro se supplemental brief, but did not do so.

Upon our initial review of the appeal, we directed supplemental briefing regarding whether the district court failed to provide an adequate individualized assessment as required by United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009), and if so, whether such error was harmless. Davis filed a supplemental brief asserting that the district court failed to provide an adequate individualized assessment and that its error was not harmless, and that his sentence therefore was procedurally unreasonable. The Government has now moved to dismiss, asserting that the appeal is precluded by Davis' waiver of appellate rights in his plea agreement. We grant the

2

Government's motion in part, dismiss in part, and affirm in part.

A defendant may waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). An appellate waiver must be "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citation omitted). We review de novo whether a defendant has effectively waived the right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

To determine whether a waiver was knowing and intelligent, we examine the totality of the circumstances, including the defendant's experience, conduct, educational background, and familiarity with the plea agreement's terms. United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). Generally, if a court fully questions a defendant regarding the appellate waiver during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). However, we will refuse to enforce an otherwise valid waiver if enforcing the waiver would result in a miscarriage of justice. Id.

Our review of the record leads us to conclude that Davis knowingly and voluntarily waived the right to appeal his

sentence. We further conclude that the issue Davis now asserts on appeal is within the scope of the waiver. Davis waived the right to appeal his sentence, unless the district court imposed a sentence in excess of the applicable Guidelines range. Because Davis challenges the reasonableness of his sentence, and the district court imposed a within-Guidelines sentence, the issue Davis seeks to raise on appeal falls squarely within the scope of the appellate waiver. We therefore grant the Government's motion to dismiss Davis' appeal of his sentence.

The waiver provision, however, does not preclude our review of Davis' conviction pursuant to Anders. Prior to accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands: the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Additionally, the district court must ensure that the defendant's plea was voluntary and supported by a factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Davis did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, we review the colloquy for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002).

We find that the district court fully complied with Rule 11's requirements, and that Davis' guilty plea was knowing, voluntary, and supported by a factual basis. In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Davis' conviction.

This court requires that counsel inform Davis, in writing, of his right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART